UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DAWN MARIE SANDLAND,
Plaintiff,
v.
MICHAEL J. ASTRUE, Commissioner of Social Security,
Defendant.

NO. CV-11-0107-JLQ

MEMORANDUM OPINION AND ORDER RE: MOTIONS FOR SUMMARY JUDGMENT

BEFORE THE COURT are Cross-Motions for Summary Judgment. (ECF NO. 17 & 21). Plaintiff is represented by **Randy J. Fair**. Defendant is represented by Assistant United States Attorney **Frank A. Wilson** and Special Assistant United States Attorney **Jessica Milano**.

## I. JURISDICTION

In 2008, Plaintiff Dawn Marie Sandland filed an application for Disability Insurance Benefits alleging a disability onset date of September 1, 2007. Plaintiff alleges disability attributable to a variety of factors including headaches, depression, and insomnia. Her application was denied initially, and on reconsideration. After timely requesting a hearing, Plaintiff appeared before Administrative Law Judge (ALJ) James Sherry on December 15, 2009. (Transcript at ECF No. 13-2 pages 34-64). The ALJ issued a partially favorable decision, finding that Plaintiff was disabled, but finding the onset date was August 31, 2009. (ECF No. 13-2, p. 29). Plaintiff filed a request for review with the Appeals Council, which was denied on February 10, 2011. (ECF No. 13-2, p. 1). Thus the decision of the ALJ became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do her previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is, benefits are denied. If she is not, the decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520©, 416.920©. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation

proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, she is not disabled. If the claimant cannot perform this work, the inquiry proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**III. STANDARD OF REVIEW**

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the [Commissioner] applied the proper legal standards." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court

considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). This court may set aside a denial of benefits only if the basis for denial is not supported by substantial evidence or if it is based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is the role of the trier of fact, not this court, to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Thomas*, 278 F.3d at 954 (9th Cir. 2002).

## IV. STATEMENT OF FACTS

The facts are contained in the medical records, administrative transcript, and the ALJ's decision, and are only briefly summarized here. At the time the ALJ issued his decision, Plaintiff was 42 years old. Plaintiff has a high school education and "some college." (ECF No. 13-2, p. 41). She had served in the military and received dental assistant training. (Id.). She had held a variety of jobs including dental assistant, jewelry sales, and aerospace parts inspector. Plaintiff testified that she had not worked since September 1, 2007. (ECF No. 13-2, p. 42). Plaintiff alleged disability based on headaches, depression, insomnia and other mental impairment. The ALJ found her to be disabled. The only issue raised on appeal to this court is the ALJ's determination of the disability onset date.

## V. COMMISSIONER'S FINDINGS

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability in September 2007. (ECF No. 13-2, p. 22). At step two, the ALJ found the medical evidence established that since the alleged date of onset of September 1, 2007, Plaintiff had the following severe impairments: headaches, a psychotic disorder, a major depressive disorder, and a personality disorder. (Id.). However, at Step 3, the ALJ determined that prior to August 31, 2009, the Plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20

CFR Pt. 404 Subpt. P App 1. The ALJ determined that prior to August 31, 2009, Plaintiff had the residual functional capacity to perform the full range of light work except for a restriction to avoid concentrated exposure to extreme cold and excessive noise, moving machinery and unprotected heights. He also noted Plaintiff was limited to simple routine repetitive tasks and superficial interaction with the public. (ECF No. 13-2, p. 24). The ALJ observed that Plaintiff had reported no problems with self-care and was able to do household chores, drive a car, shop for groceries and care for her dogs. (Id.). Plaintiff self-reported on her Function Report dated July 22, 2008, that she engaged in household chores, watched television, took care of the family dogs, and prepared dinner for her husband. (ECF No. 13, p. 147). Plaintiff also reported that as of July 2008 she was able to pay bills and handle a savings account and checkbook, although she sometimes gets confused. (ECF No. 13, p. 150).

The ALJ specifically found that Plaintiff's "statements concerning the intensity, persistence and limiting effect of [her] symptoms [were] not credible prior to August 31, 2009." (ECF No. 13-2, p. 25). The ALJ found, at Step 5, that prior to August 31, 2009, Plaintiff was able to perform the past relevant work of dental assistant, jewelry salesperson, and aircraft parts inspector.

**VI. ISSUES**

Plaintiff raises only one issue on appeal. Plaintiff argues that the ALJ erred in determining the date of onset of disability. Plaintiff's argument is essentially that because the ALJ found Dr. Pawlowicz credible and found Plaintiff credible, the ALJ must accept the alleged onset date of September 1, 2007.

**VII. DISCUSSION**

Plaintiff's challenge rests on a faulty premise - - that the ALJ found her testimony concerning onset date to be credible. As pointed out in the Defendant's brief, the ALJ did not find Plaintiff to be entirely credible. (ECF No. 22, p. 19). The ALJ specifically found that Plaintiff's statements concerning the

intensity, persistence, and limiting effects of her symptoms, as experienced prior to August 31, 2009, were not credible. (ECF No. 13-2, p. 25). The ALJ found that Plaintiff's claims about her symptoms from August 2009 forward were "generally credible." (ECF No. 13-2, p. 28). Plaintiff has not challenged the ALJ's findings as to her credibility, and the court finds the ALJ's determination to be supported by the record.

The ALJ gave specific, clear, and convincing reasons for his credibility determination. Among the reasons were that Dr. Norman Staley had found Plaintiff's physical limitations were not fully supported by the evidence, and Dr. Scottolini found a "significant inconsistency between her disabling symptomalogy and the broad accomplishments of her activities of daily living."(ECF No. 13-2, p. 25). This case is similar to *Matin v. Commissioner*, 2012 WL 1514761 (9th Cir. 2012), where the ALJ, in rejecting the claimant's alleged date of onset, considered her ability to capably handle daily tasks including that the claimant "prepares meals, does light housework, goes shopping, pays bills, handles money, and drives herself to appointments." *Id.* at *2.

The court next considers Plaintiff's argument that the ALJ's reliance on Dr. Pawlowicz' report supports her claimed date of onset. Dr. Pawlowicz did not examine Plaintiff until August 2009. At that time, Dr. Pawlowicz found that Plaintiff's impairments met the criteria of Listing 12.04 Affective Disorders. (ECF No. 13, p. 601). The ALJ stated that he "gave great weight" to the opinion of Dr. Pawlowicz. Dr. Pawlowicz specifically indicated that Plaintiff met sections 12.04 A & B, but did not find that she met 12.04 C. Subsection C requires a "medically documented history of a chronic affective disorder of at least 2 years duration that has caused more than minimal limitation of ability to do basic work activities...". (ECF No. 13, p. 601). The Plaintiff's argument is that there is no reason to believe her condition was different in 2009 than it was in 2007. Plaintiff argues there "is

no testimony that the condition varied, wavered, or somehow was better or worse relative to [August 31, 2009]." (ECF No. 18, p. 4). Plaintiff claims Dr. Pawlowicz did not find her condition was "worsening" or note a change in condition. (ECF No. 18, p. 4-5). Defendant counters that as Dr. Pawlowicz first examined Plaintiff in August 2009, and no evidence was presented that he had reviewed her prior treatment records, it is perfectly reasonable that he would not comment on a change in condition or whether the condition was worsening. (ECF No. 22, p. 15). The Defendant also points out that Plaintiff herself offered evidence of her condition worsening in 2009 when she reported to Dr. Pawlowicz that her depressive symptoms were "exacerbated" after she attended her husband's high school reunion in May, 2009. (ECF No. 13, p. 445).

Ascertaining the date of onset can be difficult in cases of mental impairment. "[T]he precise date of onset of a disabling psychological impairment may be difficult, or impossible, to ascertain, and the services of a specialist may be necessary to infer the onset date." *Morgan v. Sullivan*, 945 F.2d 1079, 1081 (9th Cir. 1991). According to Social Security Rule ("SSR") 83-20 determination of onset involves consideration of the claimant's allegations, work history, and the medical evidence. SSR 83-20 further provides that the claimant's allegation of onset date "is significant in determining onset only if it is consistent with the severity of the conditions shown by the medical evidence." The ALJ clearly considered Plaintiff's allegations, her past work, and the medical record.

The court finds the ALJ's determination as to the disability onset date is supported by substantial evidence and in making the determination the ALJ did not improperly apply the law.

## VIII. CONCLUSION

For the aforesaid reasons, the Commissioner's decision is affirmed.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 21) is **GRANTED.**

3. The Clerk is directed to enter Judgment dismissing the Complaint and the claims therein with prejudice.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order, enter Judgment as directed above, and close this file.

DATED this 23rd day of October, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE